THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* JACOB DOLD, APPELLANT.

*Adulteration of butter — the manufacture must be with an intent to sell the product as butter.*

A penalty is imposed by sections 8 and 19 of chapter 183 of the Laws of 1885, as amended by chapter 577 of the Laws of 1886, upon any person who shall mix certain foreign substances with milk, cream or butter, or manufacture any other oleaginous substance with the intent to sell the same for butter or cheese, or have it in his possession or offer it for sale with that intent.

In an action to recover the penalty imposed for a violation of these statutes, the evidence showed the manufacture by the defendant of butterine or oleomargarine, but failed to show that he did so with an intent to sell it for natural butter.

*Held*, that, in order to constitute the offense it was necessary to show that the manufacture was with an intent to sell the product as butter, the product of the dairy.

That it was not unlawful for the defendant to manufacture the substances complained of and to sell them for what they were.

APPEAL by the defendant Jacob Dold from a judgment of the Supreme Court, entered in the office of the clerk of Erie county on the 2d day of September, 1891, upon a verdict in favor of the plaintiff of $500 after a trial at the Erie Circuit before the court and a jury.

*Adelbert Moot*, for the appellant.

*A. C. Calkins*, for the respondent.

Lewis, J. :

This action was brought for the recovery of a penalty of $500 under sections 8 and 19 of chapter 183 of the Laws of 1885, as amended by chapter 577 of the Laws of 1886. Section 8, so far as is necessary to the present inquiry, is as follows :

"No person shall manufacture, mix · or compound with or add to natural milk, cream or butter any animal fats, or animal or vegetable oils; nor shall he make or manufacture any oleaginous substance not produced from milk or cream with intent to sell the same for butter or cheese made from unadulterated milk or cream, or have the same in his possession, or offer the same for sale with such intent; nor shall any article or substance or compound so made or produced be sold intentionally, or otherwise, as and for butter or cheese, the product of the diary."

Then follows a clause prohibiting the using of coloring matter in the manufacture of butterine or oleomargarine. This section makes a violation of its provision a misdemeanor, to be punished · by a fine of not less than $100 nor more than $1,000. Section 19 provides a penalty of $500 for the violation of the provisions of section 8, to be recovered, with costs, in any court of the State having jurisdiction thereof in a case to be prosecuted by the dairy commissioner in the name of the · people of the State. The complaint in one and the same count charges that the defendant violated section 8 in that he did manufacture, mix and compound with, and add to, natural milk, cream and butter certain animal fats, and animal and vegetable oils, and did make and manufacture a certain oleaginous substance not produced from milk and cream, with intent to sell the same for butter made from unadulterated milk or cream, and did have the same in his possession and offered the same for sale with such intent.

Then follows a clause charging that he had in his possession butterine or oleomargarine which was colored with annotto or other coloring matter. The evidence tended to show that the defendant did manufacture butterine or oleomargarine by mixing animal fats and animal and vegetable oils with natural milk, cream and butter, but failed to show that he did so with the intent to sell the·same for butter made from unadulterated milk or cream. There was no evidence which would warrant a verdict against Mr. Dold on the theory that he made this oleomargarine or butterine, or offered it for sale,

or intended to sell it as an article made from unadulterated milk or cream.

The court charged the jury that, if they found from the evidence that the defendant did manufacture, mix or compound with or add to natural milk, cream or butter any animal fats or animal or vegetable oils, he was liable for the penalty. The defendant's counsel excepted to this part of the charge because it left out of view the intent to sell the same for butter or cheese, and thereupon requested the court to charge the jury that, unless they found that the defendant mixed or compounded natural milk, cream or butter with animal fats or animal or vegetable oils, or oleaginous substances not produced from milk or cream, with the intent to sell the same for butter or cheese, they cannot find in favor of the plaintiff, so far as this part of the case is concerned.

The court declined so to charge, and the defendant duly excepted. The question is, therefore, distinctly and clearly presented, did the defendant incur the penalty by mixing these substances, as stated, without any intention of selling the product for butter, but intending to sell it for just what it was, oleomargarine or butterine. The undisputed evidence was, that in the manufacture of oleomargarine or butterine the use of milk or cream is indispensable. Without the use of milk or cream the compound would not be oleomargarine or butterine.

In the case of *The People* v. *Marx* (99 N. Y., 377), the defendant was convicted of the violation of the sixth section of chapter 202 of the Laws of 1884, which provides that: "No person shall manufacture out of any oleaginous substance or substances, or any compound of the same, other than that produced from unadulterated milk, or of cream from the same, any article designed to take the place of butter or cheese produced from pure unadulterated milk or cream of the same, or shall sell or offer for sale the same as an article of food."

Judge Rapallo, in his opinion, says: "It appears to us quite clear that the object and effect of the enactment under consideration were not to supplement the existing provisions against fraud and deception by means of imitations of dairy butter, but to take a further and bolder step, and by absolutely prohibiting the manufacture

or sale of any article which could be used as a substitute for it, however openly and fairly the character of the substitute might be avowed and published, to drive the substituted article from the market, and protect those engaged in the manufacture of dairy products against the competition of cheaper substances capable of being applied to the same uses, as articles of food."

The act, so far as it attempted to accomplish that, was held to be void as violative of the provisions of the Constitution securing freedom to all persons to follow any lawful pursuit not injurious to the community.

After the argument of that case in the Court of Appeals, but before the decision was announced, chapter 183 of the Laws of 1885 was passed, containing the section under review. The amendment of 1886 does not affect the question before us. If the construction given to this section by the trial court, that the mixing of animal fat or oils with milk or cream is prohibited without reference to an intent to sell the product for butter, be correct, then it seems to logically follow that the legislature has, by this act, accomplished the very thing which the Court of Appeals held in *People* v. *Marx* (*supra*), could not be done by act of the legislature. The act of 1884 sought to prohibit the manufacture or sale of oleomargarine as a substitute for butter, and was held to be void. The act of 1885 prohibits its manufacture for any purpose, unless section 8 permits it to be manufactured if the manufacturer intends to sell it for just what it is. In the case of *The People* v. *Arensberg* (105 N. Y., 123), being an appeal from a judgment of conviction of the defendant for violating the same act, Judge RAPALLO says:

" The statutory prohibition is aimed at a designed and intentional imitation of dairy butter, in manufacturing the new product, and not at a resemblance in qualities, inherent in the articles themselves and common to both."

While it appears from the record that the use of cream or milk does impart to the compound a butter taste, and, in a slight degree, gives the substance the yellow hue of genuine butter, but, as suggested, if the cream or milk be not used, the product is not oleomargarine and would not answer the purpose for which it is manufactured, to wit, a cheap substitute for butter. It was, concededly, within the power of the legislature to prohibit the mixing of the ingredients

mentioned in the section with the intent to sell the product as or for butter. But as it was not within the province of the legislature to prohibit its manufacture altogether, it must be held, to give it any force or effect, that the clause " with intent to sell the same for butter" applies to that part of the section prohibiting the mixing of the animal or vegetable oils or animal fats with natural milk or cream or butter. It follows that it was error in the court to charge that the intent to sell was not necessary to constitute a violation of that part of the section. The complaint, as we have seen, also charged the defendant with having in his possession oleomargarine colored with annotto or other coloring matter, and there was evidence tending to sustain this allegation of the complaint; yet, as the court submitted to the jury the question whether the defendant was guilty of violating the provisions of the section first referred to, as well as the question of the use of coloring matter, we cannot know whether the jury found against the defendant for mixing the compound or for using coloring matter.

Because of the error in the charge of the court, that the intent to sell was not necessary to constitute a violation of the section, a new trial should be granted, with costs to abide the event.

Dwight, P. J., and Macomber, J., concurred.